IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

*IN RE:*

DAVID L. GRAHAM and
MARGARET F. GRAHAM,

DEBTORS.

CASE NO.: 21-11104-JCO
CHAPTER 13

## MEMORANDUM OPINION AND ORDER

This matter came before the Court for hearing on confirmation of the Debtors' Amended Chapter 13 Plan ("Plan") (doc.15) and the Objection filed by TitleMax ("Objection")(doc.19). Appearances were noted by Attorney J. Burruss Riis, Jr. as counsel for the Debtors, Attorney David A. Butler as counsel for TitleMax and Attorney Jeffery J. Hartley as counsel for the Chapter 13 Trustee, Daniel B. O'Brien. Upon consideration of the pleadings, the record, and the arguments of counsel, the Court determines that TitleMax's Objection is due to be OVERRULED for the following reasons:

### JURISDICTION

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1334 and 157, and the Order of Reference of the District Court dated August 25, 2015.

### FINDINGS OF FACT

The Debtors, David and Margaret Graham filed the instant bankruptcy on June 11, 2021 ("Petition Date"). Prior to the Petition Date, Margaret Graham ("Graham") entered into a pawn transaction on a 2013 Ford Explorer ("Vehicle") on June 2, 2021. (Doc.19-1, Ex. A ). The Pawn

1

Ticket and Security Agreement reflects that the pawn transaction matured on July 2, 2021. (*Id.*) The Debtors' Plan proposes to pay TitleMax as a secured creditor over the sixty-month terms of the plan.

## ISSUE PRESENTED

Whether debtors who are not in default on a title loan as of the bankruptcy petition date may modify the pawnholder's rights in a Chapter 13 plan.

## ANALYSIS

The Eleventh Circuit recently considered the issue now before the Court in a case originating out of the Bankruptcy Court for the Middle District of Alabama. *In re Womack*, 616 B.R. 420 (Bankr. M.D. Ala. 2020) *aff'd*, *TitleMax of Alabama, Inc. v. Levia E. Womack*, 21-11476 (11th Cir. August 30, 2021). As in *Womack*, Graham was not in default under the Pawn Ticket and Security Agreement as of the Petition Date and the Pawnholder contests confirmation on the ground that the title loan matured and the statutory right of redemption expired post-petition. This Court agrees with the analysis and findings of Judge Sawyer as affirmed by the Eleventh Circuit concluding that the Debtor can modify the rights of the holder of an unmatured pawnticket in a Chapter 13 Plan.

In *Womack*, Judge Sawyer explained:

> . . . Under the APA [Alabama Pawnshop Act], until a borrower defaults on a pawn contract, a pawnbroker has no remedy available to it. See *Complete Cash Holdings, LLC v. Fryer*, 297 So.3d 1223, 1225–26, 2019 WL 3520558, at 2 (Ala. Civ. App. 2019). That is because under Alabama law, prior to a debtor's default, a debtor retains legal title to personal property. See *Pierce v. Ford Motor Credit Co.*, 373 So. 2d 1113, 1115 (Ala. Civ. App. 1979) (noting it is upon a debtor's default that title and right of possession pass to a creditor); *see also In re Jones*, 544 B.R. at 700 (stating that under Alabama law, "a

debtor retains legal title to personal property securing a creditor's interest up to the point of default, but upon default the debtor's legal title passes to the secured creditor.") . . .

The nature of a debtor's rights that becomes property of the estate affects the extent to which a Chapter 13 debtor may modify the rights of a secured creditor. *In re Jones*, 544 B.R. at 700 [citation omitted] . . . As set forth above, Debtor held legal title to the vehicle and TitleMax held a security interest at the commencement of the case. A security interest formed under the UCC creates a secured claim which may be modified under 11 U.S.C. § 1322(b)(2). *In re Burnsed*, 224 B.R. at 499. 11 U.S.C. § 1322 (b)(2) provides in relevant part as follows:

(b) Subject to subsections (a) and (c) of this section, the plan may—
(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, ...

"Under 11 U.S.C. § 1322(b)(2), debtors may modify the rights of certain secured creditors in their chapter 13 plan, but debtors 'succeed[ ] to no greater interest in an asset than that held by the debtor at the time the **bankruptcy** petition was filed.' " *In re Thorpe*, 612 B.R. 463, 468 (Bankr. S.D. Ga. 2019) (quoting *In re Dunlap*, 158 B.R. 724, 727 (M.D. Tenn. 1993)) . . .

Further, Judge Sawyer differentiated the Eleventh Circuit's *In re Northington* decision 876 F.3d 1302 (11th Cir. 2017) by stating:

. . .In *In re Northington*, the maturity date contained within the pawn contract at issue had lapsed and the redemption period for the pawned vehicle was still running when the bankruptcy petition was filed. 876 F.3d at 1306. Therefore, the debtor's right to redeem became property of the estate. *Id.* at 1310. The redemption period was extended sixty days from the petition date pursuant to 11 U.S.C. § 108(b). *Id.* at 1314. Once the redemption period – as extended by 11 U.S.C. § 108(b) – expired, the pawned vehicle dropped out of the estate due to the automatic nature of the Georgia pawn statute. *Id.* at 1315. . . .

Thus, under the *Womack* decision, the determination of whether a debtor can modify a pawn transaction in a Chapter 13 plan depends on if the pawn ticket and security agreement already matured as of the Petition Date. Upon review of the evidence including the Pawn Ticket and Security Agreement (doc. 19-1, Ex. A), the Court notes: (1) the contractual terms

are materially the same as in *Womack*; (2) the Debtor's pawn transaction did not mature pre-petition; and (3) the Debtor retained legal title and possession of the Vehicle when the bankruptcy was filed. As a result, TitleMax's interest may be modified under 11 U.S.C. §1322(b)(2).

## CONCLUSION

In accordance with the foregoing, TitleMax's Confirmation Objection (doc. 19) contesting the Debtors' ability to modify the pawn transaction debt is hereby OVERRULED.

Dated: September 14, 2021

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE